*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-468

JULY TERM, 2013

| | |
|---|---|
| Troy D. Rainey | } APPEALED FROM: |
| | } |
| | } Superior Court, Caledonia Unit, |
| v. | } Family Division |
| | } |
| | } |
| Tania Rainey | } DOCKET NO. 301-12-10 Cndm |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Husband appeals from a final divorce order entered by the superior court, family division, arguing that the court abused its discretion in its custody, maintenance, property, and attorney's fees awards. We affirm.

The parties married in 1992 and separated in November 2010. They have two children, a daughter born in August 1995 and a son born in January 2000. Husband is a self-employed concrete construction worker. Wife was a hairdresser for thirteen years during the marriage and then ran a kennel business on the marital property. She receives disability payments based on a spinal stenosis condition. At the time of the final divorce hearing, she received approximately $14,000 in annual income from disability payments and part-time work. It was undisputed that wife would have sole legal and physical rights and responsibilities with respect to the parties' daughter, who was estranged from husband and spending most of her time with her grandparents. Following an evidentiary hearing, the trial court awarded wife sole legal and physical rights and responsibilities with respect to the parties' son, with husband having significant parent-child contact. In addition to dividing the parties' limited property, the court awarded wife maintenance for a duration of five years. The court set maintenance payments at $500 a month during the first year, with the monthly payments decreasing by $100 in each successive year. The court also awarded wife $2500 in attorney's fees.

On appeal, husband finds fault with the court's awards concerning parental rights and responsibilities, marital property, and maintenance and attorney's fees. In making these arguments, he does not cite to the record to demonstrate why the court's findings are clearly erroneous or its conclusions unsupported by those findings. Rather, he challenges the court's determination of wife's credibility and asks this Court to reweigh the evidence based on wife's alleged manipulative and deceitful conduct. As we have stated on numerous occasions, however, it is within the sole province of the trial court to assess witnesses' credibility and weigh evidence in exercising its discretion to determine parental rights and responsibilities, divide marital property, or award maintenance. See Payrits v. Payrits, 171 Vt. 50, 53 (2000) ("Given its unique position to assess the credibility of witnesses and weigh the evidence, we will not set aside the [family] court's findings if supported by the evidence, nor its conclusions if supported by the

findings.") (quotation omitted); <u>Cabot v. Cabot</u>, 166 Vt. 485, 497 (1997) ("As the trier of fact, it was the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Accordingly, husband's arguments in this respect are unavailing.

Husband also argues that the court abused its discretion by awarding wife sole legal and physical rights and responsibilities insofar as wife is not a credible person and did not cooperate with him about changing parent-child contact to reduce the number of their son's transfers from home to home. The court explained that it was awarding parental rights and responsibilities to wife because she had been the child's primary caregiver and it was not in the child's best interests to change his primary home, which was with wife, or the school that he had been attending near wife's home. We find no abuse of discretion. See <u>Payrits</u>, 171 Vt. at 52-53 ("The family court has broad discretion in awarding custody and its findings will not be overturned unless clearly erroneous.").

Next, husband argues that the court erred by establishing his income at $33,000 based on stale evidence from wife rather than his testimony as to how much he had earned more recently. Husband testified that on the average in recent years he netted about $2000 per month. His tax returns indicated that he grossed between $40,000 and $50,000 in 2010 and 2011. Wife testified that she kept the books for husband's business, and that for the first eight months of 2010, when she stopped keeping the books, husband grossed $45,000 and netted approximately $29,000. The court acted well within its discretion in estimating husband's net income at a minimum of $33,000 per year based on this evidence and its assessment of the witnesses' credibility.

Next, husband argues that the court abused its discretion by awarding wife a horse trailer. The parties disputed only two pieces of property, a motor home and the horse trailer. The court awarded the motor home to husband, who recovered it after it had been repossessed, and the horse trailer to wife. In awarding the horse trailer to wife, the court explained that the parties' daughter needed it to transport her horse to competitions and wife was in a position to make it available to her. Husband argues on appeal that he had a need for the trailer and that wife falsely testified about her daughter needing it. Husband acknowledged during his testimony, however, that his daughter had asked him to use the trailer on multiple occasions but that he had refused her requests. We find no abuse of discretion in the award of the horse trailer to wife.

Next, husband argues that the court abused its discretion by awarding wife maintenance, given its overestimate of his income and wife's allegedly false testimony about her ability to work. Wife sought permanent maintenance in the amount of $1100 per month. The court awarded her maintenance for five years, starting at $500 per month for the first year and with the monthly payments to decrease by $100 each year thereafter. The court did not find that wife could not work, as husband suggests; rather, the court acknowledged wife's disability, but nonetheless concluded that she could work with some limitations. Moreover, the record supports the court's estimate of husband's income. Given the twenty-year marriage, the maintenance award was plainly not excessive and well within the court's discretion. See <u>Delozier v. Delozier</u>, 161 Vt. 377, 381-82 (1994) (noting that family court has broad discretion in awarding maintenance and stating that length of marriage is important factor in determining amount and duration of maintenance).

Finally, husband challenges the court's award of attorney's fees, asserting that wife lacked credibility and had willfully failed to increase her income. The court did not find that

2

wife lacked credibility or willfully failed to work.  The court elected to award wife $2500, only a portion of her attorney's fees, because of husband's superior earning power.  We find no abuse of discretion.  See Nevitt v. Nevitt, 155 Vt. 391, 399 (1990) (stating that primary consideration in court exercising its discretion as to whether to award attorney's fees is relative financial circumstances of parties).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

3